CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:05-cr-00010-02 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| ANDREW WILLIAM PENCE | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Following a plea of guilty, criminal defendant Andrew William Pence was convicted of obstruction of the mails, a petty offense under Title 18, United States Code section 1701. The defendant was sentenced to a term of probation on June 21, 2005 and has since been discharged, having complied with the conditions of his sentence. The defendant has now moved for expungement of his conviction so that he may pursue a career in law enforcement.

Having considered the defendant's motion, together with his arguments and those of the United States, the court concludes that it is without jurisdiction to expunge the defendant's conviction.

Like all lower federal courts, this court may only exercise the subject matter jurisdiction conferred upon it by Congress. U.S. Const. art. III, § 1; Kontrick v. Ryan, 540 U.S. 443, 452 (2004). Congress has passed a number of statutes that provide courts with jurisdiction enabling them to expunge criminal records in certain, limited circumstances. For example, the Court of Appeals for the Ninth Circuit has found that

> [a] district court has the power to expunge a criminal record under the Civil Rights Act, the habeas corpus statutes, the statutory preservation under the All Writs Act of a district court's authority to issue a writ of error *coram nobis* to

correct an unlawful conviction, or the Constitution itself. Congress has also enacted statutes that expressly authorize a district court to order expungement or to correct an inaccurate government record, and it has provided federal courts with limited jurisdiction to grant a new trial, to correct a sentence, or to reduce a sentence to reflect the assistance that a defendant has given to the government.

United States v. Sumner, 226 F.3d 1005, 1012 (9th Cir. 2000) (footnotes omitted). The defendant has not sought expungement pursuant to any of the above mentioned mechanisms, rather he filed a motion under the case number assigned to his original offense.

This court had jurisdiction of the original offense pursuant to 18 U.S.C. § 3231. This jurisdiction was limited, however. Congress has made clear that a judgment of conviction that includes a sentence of probation is a final judgment, subject to limited exceptions. 18 U.S.C. § 3562(b). Rule 4(b) of the Federal Rules of Appellate Procedure prescribes a "mandatory and jurisdictional" time limit for filing a notice of appeal after a judgment of conviction. United States v. Little, 392 F.3d 671, 681 (4th Cir. 2004); See also Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (Recognizing that Fed. R. App. P. 4(a)'s "30-day time limit is 'mandatory and jurisdictional'"). After the time for filing an appeal has passed, the court's jurisdiction over the case ceases for most purposes.

The exceptions to finality created by § 3562(b) would not authorize expungement under the circumstances of this case, and the defendant has presented no facts that would permit him to invoke any of the provisions that Sumner found to authorize expungement of a conviction, or any other statute of which this court is aware.[1] The defendant instead seeks to invoke "the inherent powers" of the court. (Def's. Br. Supp. Mot. Expungement 2.) The exercise of such power, however, requires a jurisdictional basis. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

---

[1] "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted).

377 (1994).

The court's original jurisdiction over the criminal action carries with it ancillary jurisdiction which "may extend to claims having a factual and logical dependence on 'the primary lawsuit,'" Peacock v. Thomas, 516 U.S. 349, 354 (1996). Such jurisdiction, however, may only be exercised "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent;" and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. (quoting Kokkonen, 511 U.S. at 379–80 (1994)). As the Court of Appeals for the Ninth Circuit has recognized, "[e]xpungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of these goals." United States v. Sumner, 226 F.3d 1005, 1012 (9th Cir. 2000); accord United States v. Dunegan, 251 F.3d 477, 480 (3d Cir. 2001).

This case presents a particularly clear example of a circumstance in which the exercise of the court's inherent power or ancillary jurisdiction would be inappropriate. "In eliminating the record of a conviction . . . expungement necessarily nullifies a law which Congress has properly enacted and which the Executive has successfully enforced." Sumner, 226 F.3d at 1014. The power to do so is not something that the Constitution allows a court to assume without authority from Congress. See Kokkonen, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree . . . ."); Am. Fire & Gas Co. v. Finn, 341 U.S. 6, 17 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . . .").

The defendant has cited a number of cases that recognize the possibility that a court may have jurisdiction to expunge a criminal conviction in extreme circumstances where the

conviction was set aside or tainted by unlawfulness or some other defect. See United States v. Doe, 556 F.2d 391 (6th Cir. 1977) (recognizing, in a case where the defendant's conviction had been set aside pursuant to the (since repealed) Federal Youth Corrections Act, that courts may have the power to expunge a criminal record); Rogers v. Slaughter, 469 F.2d 1084 (5th Cir. 1972) (finding that a district court "went too far" in ordering expunction of a conviction record, where the conviction was found to be unconstitutional); Schwab v. Gallas, 724 F. Supp. 509, 511 (N.D. Ohio 1989) (recognizing that federal courts have generally confined the remedy of expunction to "cases of illegal prosecution or arrests pursuant to unconstitutional statutes" or "extraordinary circumstances").[2] See also United States v. Dunegan, 251 F.3d 477, 480 ("[I]n the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal.") Sumner, 226 F.3d 1005 (Finding that "district courts possess ancillary jurisdiction to expunge criminal records," but that such jurisdiction is "limited to expunging the record of an unlawful arrest or conviction, or correcting a clerical error); United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993) (finding no entitlement to expungement of judicial records of a conviction that was later reversed due to a violation of the Speedy Trial Act); United States v. Schnitzer, 567 F.2d 536, 540 (1977) (affirming denial of a defendant's motion for expungement of arrest and indictment records where the indictment was

---

[2] The defendant has also cited Diamond v. United States, 649 F.2d 496 (7th Cir. 1981), in which a convict filed a civil complaint asking the district court to order the government to expunge its records of the plaintiff's indictment and arrest. The court held that the complaint stated a claim upon which relief could be granted. However, as the Court of Appeals for the Seventh Circuit later pointed out, "Diamond completely overlooks the issue of jurisdiction." United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993). In Janik, the Court of Appeals addressed that question and held that "federal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction." Id.

dismissed); United States v. Gray, 206 F. Supp. 2d 741, 741 (D. Md. 2002) (holding that a district court's power to expunge a criminal record is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error). The defendant in the instant case does not allege that his conviction was improper in any respect, and so this court need not consider whether it would have jurisdiction to order expungement under such circumstances.

For the reasons stated above, the court concludes that it lacks jurisdiction over the defendant's motion. It will therefore be dismissed.

ENTER: This 27th day of October, 2006.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE